FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 3 0 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES WALL,

                Petitioner,

-against-

STATE OF NEW YORK,

                Respondent.
----------------------------------------------------------X

**ORDER**
13-CV-2803 (SJF)

FEUERSTEIN, J.

On December 13, 2009, the Supreme Court of the State of New York, Suffolk County (the "Trial Court"), entered a judgment of conviction against petitioner-defendant James Wall ("Petitioner" or "Wall") after a jury found him guilty of two (2) counts of Murder in the Second Degree, two (2) counts of Kidnapping in the First Degree, and one (1) count of Kidnapping in the Second Degree. On May 9, 2013, Wall filed a timely petition for a writ of habeas corpus ("Petition") in this Court pursuant to 28 U.S.C. § 2254. On November 14, 2014, Wall moved to hold his Petition in abeyance so that he may file an unspecified, post-conviction motion in state court. Wall also moved to make a "possible amendment" to his Petition and for leave to file a "possible response" to the State of New York's ("State") response opposing his Petition.

For the reasons provided below, Wall's November 14, 2014 motion is granted in part and denied in part. The motion seeking abeyance is denied, the motion to amend the Petition is denied, and the motion for leave to file a reply to the State's opposition is granted.

1

## I. BACKGROUND

On December 13, 2009, the Trial Court entered a judgment against Wall finding him guilty of two (2) counts of Murder in the Second Degree, two (2) counts of Kidnapping in the First Degree, and one (1) count of Kidnapping in the Second Degree. *People v. Wall*, No. 2117-2008 (N.Y. Sup. Ct. Dec. 13, 2009). The Appellate Division of the Supreme Court of the State of New York, Second Department, affirmed on February 14, 2012. On April 11, 2012, the Court of Appeals of New York denied Wall's application for leave to appeal to that court. Wall did not petition the United States Supreme Court for a writ of certiorari.

On May 9, 2013, Wall timely petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Dkt. Entry ("DE") 1, Pet.]. On July 16, 2013, the State opposed Wall's Petition (the "Response"). [DE 5, Reply in Opp'n to Pet.].

On November 14, 2014, Wall moved for abeyance of his Petition to pursue certain claims in state court, for leave to make a "possible amendment" to his Petition, and for leave to file a "possible response" to the State's Response (the "Motion"). [DE 8, Ltr. Mot.]. In the Motion, he seeks time to "obtain[] a document that I was unable to [sic] prior to this time. The document of which I speak is a sworn affidavit of a witness who had given sworn testimony at my trial." *Id.* at 1. He explains that "the issues that I am now devel[o]ping include ineffective assistance of trial counsel as well as ineffective assistance of appellate counsel and, prosecutorial misconduct. . . . I must first exhaust these issues at the State Level before I can include them in my petition." *Id.* Wall also writes that he is "requesting permission to file a memorandum of Law [sic] in support of my pending petition. . . . I would respectfully request that I be . . . given the chance to file a *possible response* and *possible amendment* . . . . The additional issues that I wish to include have a direct relation (relate back to) the instant conviction." *Id.* at 1-3 (emphasis added). Wall

claims that he "could not raise the issues before now because the information which will form the basis of the post-conviction motion has only recently come to my attention and the issues must be exhausted prior to inclusion in my petition." *Id.* at 2.

On November 21, 2014, the State responded to Wall's Motion, arguing that Wall should not be afforded the opportunity to "develop claims that he would then have to exhaust." [DE 9, Resp. to Mot., at 1]. Wall's Petition remains pending in this Court, and he has not filed any papers either evidencing that he has filed any post-conviction motion in state court or indicating the legal grounds for any such motion.

## II. DISCUSSION

### A. *Motion Seeking Stay and Abeyance*

In *Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the United States Supreme Court held that a federal habeas court may grant a "stay and abeyance" to a habeas petitioner who is seeking to exhaust a previously unexhausted claim in state court only when: (1) the petitioner demonstrates "good cause" for failing to exhaust previously those claims; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78. The petitioner bears the burden of demonstrating "good cause" for his "failure to exhaust previously any unexhausted claims." *Perkins v. LaValley*, No. 11-cv-3855, 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012).

In this case, Wall can establish neither "good cause" for his failure to exhaust previously his claims in state court nor that those claims would be "potentially meritorious." In his Motion, Wall claims that he seeks abeyance to "obtain[] a document that I was unable to [sic] prior to this time. The document of which I speak is a sworn affidavit of a witness who had given sworn

3

testimony at my trial." Mot. at 1. Wall fails to explain why he was unable to obtain the sworn affidavit anytime during his trial or in the six (6) years since that time. He also does not explain the significance, if any, of that affidavit on any of his legal claims. Similarly, Wall requests abeyance to develop his ineffective assistance of trial and appellate counsel and prosecutorial misconduct claims, but he does not explain why he did not previously raise those claims in state court within the past six (6) years. He also fails to establish that those claims would be "potentially meritorious" in state court. Accordingly, Wall cannot meet the *Rhines* test for a stay and abeyance of his federal habeas petition, and his motion is denied.

### B.   *Motion to Amend the Petition*

Rule 15(a) of the Federal Rules of Civil Procedure governs the standard for ruling on a motion to amend a habeas corpus petition that has not yet been decided on the merits. *See Mayle v. Felix*, 545 U.S. 644, 654-55, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *see also* 28 U.S.C. § 2242 (providing that a petition for a writ of habeas corpus "may be amended . . . as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Corpus Rules"), Rule 11 (permitting application of the Federal Rules of Civil Procedure in habeas cases to the extent they are not inconsistent with any statutory provisions or the Habeas Corpus Rules); Fed. R. Civ. P. 81(a)(4) (stating that the civil rules are applicable to habeas corpus proceedings "to the extent that the practice . . . is not specified in a federal statute, [or] the [Habeas Corpus Rules]"). Rule 15(a) provides, in relevant part, that:

> (1) A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . . (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

4

Notwithstanding the liberal amendment requirement of Rule 15(a), leave may be denied "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive" or where the proposed amendment would be futile. *Littlejohn*, 271 F.3d at 363; *see Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

As an initial matter, Wall has not specifically moved to amend his Petition. Mot. at 1-2 (requesting "the chance to file a . . . *possible amendment*" to the Petition) (emphasis added). A *pro se* petitioner's submissions, however, are held to "less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)). The Court will liberally construe a *pro se* petition and interpret it "to raise the strongest arguments that [it] suggest[s]." *See Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014). This Court therefore construes Wall's request for a "chance to file a . . . possible amendment" as a motion to amend his Petition pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Although Wall timely filed his Petition within one (1) year of his conviction becoming final pursuant to 28 U.S.C. § 2244(d)(1), the new claims that he seeks to raise in an amended Petition may be time-barred. His new claims will be procedurally time-barred unless either: (1) those claims relate back to the original Petition under Rule 15(c)(1) of the Federal Rules of Civil Procedure; or (2) the statute of limitations period can be equitably tolled. *See* Fed. R. Civ. P. 15(c); *Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010). Rule 15(c)(1)(B) provides, in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P.

15(c)(1)(B). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims," and it is unavailable if the proposed claims merely relate to the same trial, conviction, or sentence as the original petition. *Mayle v. Felix*, 545 U.S. 644, 659, 662-64, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

Wall fails to offer any information on what his potentially new claims may be, merely alleging that the relation back principle should apply to his new, undefined claims because they "have a direct relation (relate back to) the instant conviction"—a conclusory legal assertion that is, under *Mayle*, insufficient to trigger the application of the relation back principle absent the establishment of a common "core of operative facts" between the new and original claims. *See id.* at 659, 662-64. Wall's unsubstantiated claim that he "could not raise the issues before now because the information . . . has only recently come to my attention" similarly lacks sufficient detail to constitute potentially a "rare and exceptional" reason for equitably tolling the statute of limitations period to permit the inclusion of his new, undefined claims. Mot. at 2; *see Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (holding that equitably tolling is available only in "rare and exceptional circumstance[s]"). Accordingly, Wall's motion to amend his Petition is time-barred and therefore denied.

### C. *Motion for Leave to File a Reply to the State's Response to the Petition*

In his Motion, Wall "request[s] permission to file a memorandum of Law [sic] in support of my pending petition" and seeks "the chance to file a *possible response*" to the State's opposition to his Petition. Mot. at 1 (emphasis added). He has not specifically moved for leave to reply to the State's Response. Leave, however, is not required to file reply papers in support of a habeas petition. *See* DE 3, Order to Show Cause, at 1 ("[P]etitioner, within twenty-one (21) days of receipt by him or a copy of the return, shall file his reply, if any, with the Clerk of this

Court . . . ."). In addition, as previously discussed, a *pro se* petitioner's submissions are held to "less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)). This Court consequently construes Wall's request as a motion for leave to reply to the State's Response. Because leave to file a reply is not actually required, and no prejudice would result from allowing Wall to file a reply where this Court has not yet adjudicated his Petition, Wall's motion for leave to file a reply to the State's Response is granted.

## III. CONCLUSION

For the reasons set forth above, Petitioner's November 14, 2014 motion is granted in part and denied in part. The motion seeking abeyance is denied, the motion to amend the Petition is denied, and the motion for leave to file a reply to the State's Response is granted. Petitioner's reply, if any, must be filed with the Clerk of the Court by <u>October 22, 2015</u>. The Clerk of the Court is directed to serve a copy of this Order upon the Petitioner.

**SO ORDERED.**

s/ Sandra J. Feuerstein<br>
Sandra J. Feuerstein<br>
United States District Judge

Dated: September 30, 2015
      Central Islip, New York